# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SHIRLEY MOREFIELD, Individually and On Behalf of All Others Similarly Situated,

    Plaintiff,

v.

COMPUTER SCIENCES CORPORATION, *et al*.,

    Defendants.

Case No. 2:09-CV-01176-KJD-GWF

**ORDER**

    Presently before the Court are Plaintiff's Motion to Remand (#17) and Motion for Attorney's Fees (#19). Defendants filed a response in opposition (#24/25) to which Plaintiff replied (#29).

    Plaintiff asserts that the complaint was improperly removed because Defendants incorrectly contended upon removal that the Court had jurisdiction pursuant to the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 78bb. SLUSA's removal provision only applies to "covered class actions" in which the parties seek damages on a representative basis. 15 U.S.C. § 78bb(f)(1). However, Plaintiff's complaint only seeks declaratory and injunctive relief. Furthermore, even if the complaint were a covered class action, the Court finds that the complaint falls within the "Delaware carve-out" exemption to SLUSA's removal provision. 15 U.S.C. § 78bb(f)(3) (exempting from removal any class action that involves communication with respect to

the sale of securities by the issuer concerning decisions of equity holders with respect to voting their securities); Crimi v. Barnholt, 2008 WL 4287566, *4-5 (N.D. Cal. 2008); City of Ann Arbor Employees Ret. Sys. v. Gecht, 2007 WL 760568, *3-4 (N.D. Cal. 2007).  Therefore, the Court grants Plaintiff's motion to remand.

Plaintiff has also moved for attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). An award of fees turns on the "reasonableness of removal" and "[a]bsent unusual circumstances, courts may award attorney's fees...only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 140-41 (2005).  Here, given the procedural history of this action and considering the closeness of the issue, the Court finds that under the reasonableness standard an award of fees is not warranted.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (#17) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff's Motion for Attorney's Fees (#19) is **DENIED**.

DATED this 17th day of February 2010.

_____
Kent J. Dawson
United States District Judge

2